[No. B096030. Second Dist., Div. Two. Aug. 8, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK GUTIERREZ, Defendant and Appellant.

**COUNSEL**

Odion Leslie Okojie, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Jaime L. Fuster and Susan C. Diamond, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ZEBROWSKI, J.**—Mark Gutierrez appeals from his conviction by jury trial of robbery and attempted robbery. The jury found allegations of three prior convictions, one of which was alleged pursuant to section 667, subdivisions (b) through (i) of the Penal Code (the three strikes law), to be true. Appellant was sentenced to a total prison term of 18 years, 4 months. (1) His sole contention on appeal is that the trial court had discretion to strike the prior felony conviction in the furtherance of justice under the three strikes law.

The record shows the following. Appellant, then 34 years old, attempted to rob 2 men, each at least 30 years his senior. He beat one man and took his identification bracelet. He subsequently attacked another man, but help arrived before appellant could take the older man's property. Appellant had a criminal history involving violence and theft.

Following appellant's conviction, the trial court imposed the high term for count 1, robbery, stating that appellant was "clearly engaged in a pattern of violent conduct, which indicates he is a serious danger to society." It doubled the term pursuant to the three strikes law, and did not indicate that it had discretion to strike the three strikes prior conviction. The court imposed a consecutive sentence for count 2, attempted robbery, and imposed an additional five years pursuant to Penal Code section 667, subdivision (a), based upon a prior conviction for robbery. The court noted that it had discretion whether to impose two additional one-year enhancements for prior convictions of petty theft and taking a vehicle without the owner's consent pursuant to section 667.5, subdivision (b). It stated that "this is a situation where I do agree with [the prosecutor], there really isn't any good cause to strike it. There are a lot of reasons not to, and this is the kind of individual the law was intended to keep off the street as long as possible."

During the pendency of this appeal, our Supreme Court has determined that trial courts have discretion to strike three strikes prior convictions in the furtherance of justice. (*People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].) The holding is made expressly retroactive. Reconsideration of sentencing is required under *Romero* where the trial court believed it did not have discretion to strike a three strikes prior conviction, unless the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations.

In the present case, the trial court indicated that it would not, in any event, have exercised its discretion to lessen the sentence. It stated that imposing the maximum sentence was appropriate. It increased appellant's sentence beyond what it believed was required by the three strikes law, by imposing the high term for count 1 and by imposing two additional discretionary one-year enhancements. Under the circumstances, no purpose would be served in remanding for reconsideration. Moreover, in light of appellant's record and the facts of the present offense, imposition of the maximum term is well within the trial court's sentencing discretion.

The judgment appealed from is affirmed.

Boren, P. J., and Fukuto, J., concurred.