Filed 3/15/18; Opinion on remand from Supreme Court

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN ALMANZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B270903<br>(Super. Ct. No. BA425421-02)<br>(Los Angeles County)<br><br>OPINION FOLLOWING<br>ORDER VACATING PRIOR<br>OPINION |

When the retroactive application of a statute gives a trial court discretion to reconsider imposing a lower sentence than one previously imposed, it is customary for an appellate court to remand the case to the trial court. But not always.

A jury convicted Christian Almanza of first degree murder (Pen. Code, §§ 187, subd. (a), 189)[1] and assault with a firearm (§ 245, subd. (b)). The jury found gang enhancement allegations true on both counts. (§ 186.22, subd. (b)(1)(C).) On the murder charge, the jury found a principal personally and intentionally discharged a firearm causing death. (§ 12022.53, subd. (d).) The trial court found Almanza suffered two prior strike convictions

---

[1] All statutory references are to the Penal Code.

within the meaning of the three strikes law (§ 667, subds. (a)-(i)) and one prior prison term (§ 667.5, subd. (b)).

The trial court sentenced Almanza to an aggregate term of 137 years to life, including 25 years to life for the firearm enhancement imposed pursuant to section 12022.53, subdivision (d). The court stayed two other firearm enhancements (§ 12022.53, subd. (b) & (c)) pursuant to section 654. We affirmed. (*People v. Almanza* (Sept. 12, 2017, B270903) [nonpub. opn.].)

On October 11, 2017, the Governor signed Senate Bill No. 620 into law, effective January 1, 2018. The bill amends subdivision (h) of section 12022.53. The amended subdivision provides: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2.)

Our Supreme Court granted review and remanded the matter to us with directions to vacate our opinion and reconsider the cause in light of Senate Bill No. 620. (*People v. Almanza* (Nov. 29, 2017, S244789).)

The People concede that Senate Bill No. 620, as a statute that gives the trial court discretion to impose a lower sentence, applies retroactively. (*People v. Francis* (1969) 71 Cal.2d 66, 75-76.) The People argue, however, that remand to the trial court is not appropriate under the facts of this case because the record shows the trial court "would not . . . have exercised its discretion to lessen the sentence." (*People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896.)

The People point out that the trial court could have imposed concurrent sentences for murder and assault with a firearm. Instead, the court imposed consecutive sentences. Thus, the People conclude the court exhibited no desire to be lenient with Almanza.

Almanza argues that it would not be a per se abuse of discretion to strike the firearm enhancements. But the question is not whether it would be a per se abuse of discretion. Instead, the question is whether there is any reasonable probability the trial court would exercise its discretion to strike the enhancements so as to justify remanding the matter.

Almanza cites the concurring opinion of Mosk, J. in *People v. Deloza* (1998) 18 Cal.4th 585, 601. The concurring opinion states that a sentence of 111 years is shocking and absurd and serves no rational legislative purpose. Justice Mosk recommended the Legislature convert multicentury sentences to life or even life without the possibility of parole. (*Id.* at p. 602.)

Even if the trial court here were to strike all of the firearm enhancements, it would reduce Almanza's minimum term from 137 years to 112 years. A 137-year minimum term is no more or less absurd than a 112-year minimum term. Justice Mosk makes a cogent point. (*People v. Deloza* (1998) 18 Cal.4th 585, 600-602.) Nevertheless, *Deloza* does not hold that century-plus sentences are unconstitutional.

We agree with the People. There is no reasonable probability the trial court would exercise its discretion in favor of Almanza. A jury convicted Almanza of a cold-blooded, premeditated murder committed for the benefit of a criminal street gang. His record includes two prior strikes and a prior prison term. If the trial court were inclined to be lenient, it

3

would have made the sentence for assault concurrent with the sentence for murder.

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

                         GILBERT, P. J.

We concur:



        YEGAN, J.



        TANGEMAN, J.

4

William N. Sterling, Judge

Superior Court County of Los Angeles

_____

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Zee Rodriguez, Acting Supervising Deputy Attorney General, Timothy L. O'Hair, Deputy Attorney General, for Plaintiff and Respondent.