Filed 11/13/20  P. v. Barnette CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH WILSON BARNETTE,<br><br>    Defendant and Appellant. | C090884<br><br>(Super. Ct. No. 13F04035) |

A jury found defendant Kenneth Wilson Barnette guilty of murder, shooting at an occupied vehicle, and attempted murder, and found true firearm discharge enhancement allegations.  Defendant appealed and this court remanded for the trial court to consider its discretion to strike the firearm enhancements under Senate Bill No. 620 (2017-2018 Reg. Sess.).  On remand, the trial court affirmed its original sentence and declined to strike the enhancements.

Defendant now contends the trial court should have considered his post sentencing behavior, and the People agree.  Because we agree with the parties on this point, we will remand the matter for resentencing.

BACKGROUND

We summarize the facts from our opinion in defendant's prior appeal (*People v. Barnette* (Nov. 19, 2018, C079639) [nonpub. opn.] (*Barnette*)).  "[Defendant] shot and killed Darryl Hill and shot at the vehicle occupied by some of Hill's family members."

1

(*Id.* at p. 1)  A jury found defendant guilty of murder (Pen. Code, § 187, subd. (a)),[1] shooting at an occupied vehicle (§ 246), and attempted murder (§§ 187, subd. (a), 664). As to each of these three counts, the jury found true firearm discharge allegations (§ 12022.53, subd. (d)).  (*Barnette,* at p. 5.)

"The trial court sentenced defendant to a determinate five-year term (the middle term) for shooting at an occupied vehicle.  It also sentenced defendant to an indeterminate term consisting of 25 years to life for the murder, life with the possibility of parole for attempted murder, and two terms of 25 years to life for the firearm discharge enhancements associated with the murder and attempted murder.  Each of the terms were imposed consecutively, resulting in an aggregate term of five years, plus 82 years to life. The trial court concluded that the firearm-discharge enhancement was inapplicable to shooting at an occupied vehicle."  (*Barnette, supra*, C079639 at p. 5.)

Defendant appealed and this court remanded the matter for the trial court to consider whether to strike one or both of the remaining section 12022.53 firearm discharge enhancements under Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, effective January 1, 2018; § 12022.53, subd. (h)).  (*Barnette, supra*, C079639 at pp. 25-26.)

On remand, defendant argued the trial court should consider his post sentencing conduct and provided the trial court with his prison records showing his programming, work assignments, and educational efforts along with several letters attesting to his character while in prison.  At the resentencing hearing, the trial court said it was "quite conflicted about the decision before it."  The trial court applauded defendant's "efforts to rehabilitate himself" but determined it could not consider his post sentencing conduct. The trial court had researched Senate Bill No. 620 and found "the idea was not necessarily for the Court to consider the defendant's post-conviction conduct" but instead

---

[1] Undesignated statutory references are to the Penal Code.

"what the Court would have done had it had the discretion at the time of sentencing."

The trial court relied on "all of the factors in mitigation and in aggravation at the time of sentencing," including the "seriousness of the acts . . . committed, the fact that a family has lost a loved one," and found "that it is not in the interest of justice to strike the two firearm enhancements." Defense counsel put on the record his view "that the Court should be considering post-judgment things."

## DISCUSSION

The parties agree that the trial court should have considered defendant's post sentencing conduct. They disagree on the remedy. We will remand the matter for resentencing.

"[W]hen a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' [Citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) Under section 12022.53, as modified by Senate Bill No. 620, "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h).) "[P]ostoriginal sentencing behavior . . . is relevant for consideration by the sentencing court in exercising its discretion to strike special circumstance findings pursuant to section 1385." (*People v. Warren* (1986) 179 Cal.App.3d 676, 690; see *People v. Jackson* (1987) 189 Cal.App.3d 113, 119; cf. *People v. Foley* (1985) 170 Cal.App.3d 1039, 1048-1049 ["defendant's behavior in prison may not be used to enhance his sentence in excess of that originally imposed"].)

The record indicates the trial court did not realize its discretion under sections 12022.53 and 1385 to consider defendant's post sentencing conduct. "An erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion. [Citation.] 'Defendants are entitled to sentencing decisions made in the

3

exercise of the "informed discretion" of the sentencing court. [Citations.]' [Citation.] A court cannot exercise that 'informed discretion' where it is unaware of the scope of its discretionary powers." (*People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1247-1248.) "Where a trial court imposes sentence without an accurate understanding of its sentencing discretion, remand for resentencing is appropriate." (*Id*. at p. 1248; see *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

Citing *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896, the People argue remand is unnecessary because there is no likelihood the trial court would exercise its discretion to strike the firearm enhancement allegations even if it considered defendant's post sentencing behavior. But the trial court made no comment clearly showing it would not have struck the firearm enhancements if it could consider defendant's post sentencing behavior. Instead, it noted defendant's efforts and suggested it was a difficult decision. Of course, we express no opinion as to how the trial court should exercise its discretion on remand, we only conclude the trial court should have an opportunity to exercise its discretion to consider defendant's post conviction behavior.

## DISPOSITION

The matter is remanded to permit the trial court to exercise its discretion under section 12022.53, subdivision (h) in a manner consistent with this opinion. The judgment is otherwise affirmed.

/S/
MAURO, J.

We concur:


/S/
RAYE, P. J.


/S/
HULL, J.

4