Filed 4/29/21  P. v. Campbell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARON DESEAN CAMPBELL,<br><br>    Defendant and Appellant. | H044517<br>(Santa Clara County<br>Super. Ct. Nos. B1577257, B1685118,<br>C1652328) |

A jury convicted defendant Laron Desean Campbell of four counts of first degree robbery, four counts of false imprisonment, one count of injuring or obstructing telephone lines, and four counts of criminal threats; the charges arose from two home invasions.  Jurors also found true allegations that defendant personally used a firearm in the commission of the robberies.  Defendant admitted allegations that he suffered a prior strike conviction and a prior serious felony conviction and that he had served two prior prison terms.  In a separate case, defendant pleaded guilty to attempted first degree burglary and admitted having suffered a prior strike conviction.  In a third case, defendant pleaded no contest to escaping from jail after conviction and destroying jail property worth over $950 and admitted that he had suffered three prior strike convictions and served two prior prison terms.  At a single sentencing hearing, the trial court imposed an aggregate 49-year state prison term.

On appeal, defendant raises a number of sentencing-related challenges, including a due process challenge to the imposition of various fines and fees without an ability to pay

finding, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Defendant also contends that the abstract of judgment contains a clerical error. The Attorney General concedes that remand is required for resentencing but opposes defendant's *Dueñas* claim and maintains the abstract of judgment is accurate. We reverse and remand for resentencing.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     *Case No. B1577257*

In June 2015, the Santa Clara County District Attorney charged defendant in case No. B1577257 with four counts of first degree robbery (Pen. Code, §§ 211-212.5, subd. (a); counts 1, 2, 8, & 9)[1], four counts of false imprisonment (§§ 236-237; counts 3, 4, 10, & 11), one count of injuring or obstructing telephone lines (§ 591, count 5), and four counts of criminal threats (§ 422; counts 6, 7, 12, & 13). The information further alleged that defendant personally used a firearm during the commission of the robberies (§ 12022.53, subd. (b)). And it alleged that defendant had served two prison priors (§ 667.5, subd. (b)) and had a prior conviction that qualified as a strike conviction (§§ 667, subds. (b)-(i);1170.12, subds. (a)-(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

The case proceeded to a jury trial. The evidence presented at trial showed that, in August 2014, defendant and another man broke into a home in Fremont in the middle of the night. Defendant was armed with a gun. The men stole jewelry, cash, and an ATM card from the residents. Defendant threatened to come back and kill them if they reported the robbery. The other man put the residents' cell phones and home phone into a sink filled with water. The men told the residents to stay in their bathroom for 30 minutes. The stolen ATM card was used a number of times. That incident was the basis for counts 8 through 13. The evidence further showed that, in November 2014,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defendant and another man broke into a home in Cupertino in the middle of the night. Defendant was armed. The men took cash, a cell phone, and a watch. They threatened one of the residents that they would return if she called police, then the men fled. After the men left, one of the residents tried to call police on the landline phone and realized the phone line had been cut. The November 2014 incident was the basis for counts 1 through 7. On July 12, 2016, the jury found defendant guilty of all counts and found true the firearm allegations. The following day, defendant admitted the prior conviction and prior prison term allegations.

On December 9, 2016, the trial court sentenced defendant to 46 years four months in No. B1577257: 22 years on count 1 (the upper term of six years, doubled under the Three Strikes law, plus 10 years for the firearm enhancement); a consecutive six years on count 2 (one-third the middle term of four years, doubled, plus one-third the 10-year term for the firearm enhancement); a consecutive six years on count 8 (one-third the middle term of four years, doubled, plus one-third the 10-year term for the firearm enhancement); a consecutive six years on count 9 (one-third the middle term of four years, doubled, plus one-third the 10-year term for the firearm enhancement); a consecutive 16 months on count 5 (one-third the middle term of two years, doubled); and a consecutive five years on the prior serious felony enhancement (§ 667, subd. (a)). On counts 3, 4, 6, 7, and 10 through 13, the court imposed but stayed sentence under section 654. The court struck the punishment associated with the section 667.5, subdivision (b) prison priors. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)(2)) with an additional $300 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45); a $520 court operations assessment fee (§ 1465.8); a $390 court facilities assessment fee (Gov. Code, § 70373); a $259.50 criminal justice administration fee; and a $10 crime prevention fine (§ 1202.5) plus penalty assessments.

### B. Case No. B1685118

In March 2016, the Santa Clara County District Attorney charged defendant in case No. B1685118 with attempted first degree burglary (§§ 664, 459-460, subd. (a)) and alleged that defendant had suffered a prior strike conviction (§§ 667, subds. (b)-(i); 1170.12). Defendant admitted this attempted burglary of a residence in Palo Alto while testifying at his trial in case No. B1577257. In July 2016, defendant pleaded no contest and admitted the strike prior in exchange for a nonbinding indicated sentence of one year, four months to run consecutive to the sentence in case No. B1577257.

The trial court imposed sentence on December 9, 2016, immediately following the sentencing in case No. B1577257. The court imposed a consecutive 16-month term (one third the middle term, doubled). The court imposed a $300 restitution fine (§ 1202.4, subd. (b)(2)) with an additional $300 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45); a $40 court operations assessment fee (§ 1465.8); and a $30 court facilities assessment fee (Gov. Code, § 70373).

### C. Case No. C1652328

In December 2016, the Santa Clara County District Attorney charged defendant in case No. C1652328 with escape from jail after conviction (§ 4532, subd. (b)(1); count 1) and destroying jail property (§ 4600, subd. (a); count 2). The crimes were alleged to have occurred on November 23, 2016. That felony complaint further alleged that defendant had suffered three prior strike convictions (§§ 667, subds. (b)-(i);1170.12) and had two prison priors (§ 667.5, subd. (b)). Defendant pleaded no contest to both counts and admitted the prior strike conviction and prison prior allegations.

The trial court imposed sentence on December 9, 2016, at the hearing during which defendant was sentenced on the other two cases. The court imposed a consecutive 16-month term (one third the middle term, doubled) on count 1 and a concurrent 32-month term (the low term, doubled) on count 2. The court struck the punishment

4

associated with the section 667.5, subdivision (b) prison priors. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)(2)) with an additional $300 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45); a $80 court operations assessment fee (§ 1465.8); and a $60 court facilities assessment fee (Gov. Code, § 70373).

Defendant timely appealed in case No. B1577257. Defendant later filed an amended notice of appeal appealing in all three underlying cases after this court granted a motion for relief from default.

## II. DISCUSSION

### A. *Senate Bill 620 and the Firearm Enhancements*

As noted above, in case No. B1577257, the jury found that defendant personally used a firearm in the commission of the four counts of robbery (§ 12022.53, subdivision (b)). The trial court sentenced defendant to 20 years on those firearm enhancements, as it was statutorily required to do at the time of defendant's sentencing. (Stats. 2010, ch. 711, § 5; former § 12022.53, subd. (h) ["Notwithstanding [s]ection 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section"].) Effective January 1, 2018, Senate Bill 620 (2017-2018 Reg. Sess. § 2) amended section 12022.53, subdivision (h) to empower the trial court "in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section." (Stats. 2017, ch. 682, § 2.)

Defendant contends, and the Attorney General concedes, that remand is required to permit the trial court to exercise its discretion to strike the firearm enhancements under section 12022.53, subdivision (h), as amended. We agree. Senate Bill 620 applies retroactively to cases where the judgment is not yet final. (E.g., *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091; *People v. Robbins* (2018) 19 Cal.App.5th 660, 678-679.) " 'Defendants are entitled to sentencing decisions made in the exercise of the

5

"informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.'  [Citation.]  In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'  [Citations.]"  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Here, the trial court made no statements from which we can infer that it would have declined to strike one or more of the firearm enhancements if it had had the discretion to do so.  (Cf. *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [declining to remand for resentencing because "the trial court indicated that it would not, in any event, have exercised its discretion to lessen the sentence . . . by imposing two additional discretionary one-year enhancements" and describing the defendant as " 'the kind of individual the law was intended to keep off the street as long as possible' "].)

> **B.      *Senate Bill 1393 and the Prior Serious Felony Enhancement***

In case No. B1577257, defendant admitted an allegation that he had suffered a prior serious felony conviction and the trial court imposed a consecutive five-year term under section 667, subdivision (a)(1), as it was statutorily required to do at the time of defendant's sentencing.  (Former § 667, subd. (a)(1) ["In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively"] (Stats. 2018, ch. 1013, § 1); former § 1385, subd. (b) ["This section does not authorize a

6

judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under [s]ection 667"]. (Stats. 2018, ch. 1013, § 2).) "On September 30, 2018, the Governor signed Senate Bill 1393 which, effective January 1, 2019, amends sections 667[, subdivision] (a) and 1385[, subdivision] (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1-2.)" (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971 (*Garcia*).)

Defendant maintains that remand is required to permit the trial court to exercise its discretion to strike the prior serious felony conviction for sentencing purposes. The Attorney General concedes. Once again, we agree. The amendments to sections 667, subdivision (a) and 1385, subdivision (b) apply retroactively to defendant because his case was not final at the time they took effect. (*Garcia*, *supra*, 28 Cal.App.5th at p. 973; *People v. Jimenez* (2019) 32 Cal.App.5th 409, 426; see *In re Estrada* (1965) 63 Cal.2d 740, 745.) The record before us does not clearly indicate that the trial court would have declined to strike defendant's prior serious felony conviction for sentencing purposes if it had the discretion to do so, making remand appropriate.

### C. Senate Bill 136 and the Prior Prison Term Enhancements

In case No. B1577257, defendant admitted that he had served two prior prison terms (§ 667.5, subd. (b)). Defendant likewise admitted having served two prior prison terms in case No. C1652328 (*ibid.*). The trial court struck the punishment associated with the prison priors at sentencing.

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (§ 667.5, subd. (b).) Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a). [Citation.]" (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*).) Effective January 1, 2020,

7

Senate Bill 136 amended section 667.5, subdivision (b), to limit prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.) The changes effected by Senate Bill 136 apply retroactively to cases in which the judgment is not yet final. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

It is undisputed that defendant has not served a prior prison term for a sexually violent offense. As the parties agree, the appropriate remedy is to reverse the true findings on all the prior prison term enhancement allegations. (See *Jennings*, *supra*, 42 Cal.App.5th at p. 682.)

### D.    Dueñas

Citing *Dueñas*, defendant contends the trial court violated his due process rights by imposing the restitution fines, court operations assessment fees, court facilities assessment fees, and criminal justice administration fee without first determining his ability to pay them. These fines and fees totaled $2,279.50.

In *Dueñas*, Division 7 of the Second Appellate District held that due process requires the trial court (1) to conduct a hearing to ascertain a defendant's ability to pay before it imposes a court operations assessment or a court facilities assessment and (2) to stay execution of any restitution fine (§ 1202.4) unless and until it holds an ability-to-pay hearing and concludes that the defendant has the ability to pay the restitution fine.

The *Dueñas* court noted that " '[c]riminal justice debt and associated collection practices can damage credit, interfere with a defendant's commitments, such as child support obligations, restrict employment opportunities and otherwise impede reentry and rehabilitation.' " (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.) In view of "[t]hese additional, potentially devastating consequences suffered only by indigent persons," *Dueñas* concluded that Government Code section 70373 and section 1465.8, subdivision (a)(1) effectively impose "additional punishment for a criminal conviction for

8

those unable to pay." (*Dueñas*, *supra*, at p. 1168.)  Based on that conclusion, the court reasoned that imposing these assessments without a determination that the defendant has the ability to pay them is "fundamentally unfair" and "violates due process under both the United States Constitution and the California Constitution. (U.S. Const. 14th Amend.; Cal. Const., art. I, § 7.)" (*Ibid.*, fn. omitted.)

As to the restitution fine, the *Dueñas* court's conclusion that section 1202.4 "punishes indigent defendants in a way that it does not punish wealthy defendants" apparently is limited to cases in which probation is granted.  (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1170.)  In that circumstance, payment of the restitution fine must be made a condition of probation.  (§ 1202.4, subd. (m).)  *Dueñas* noted that those probationers who "successfully fulfill[ ] the conditions of probation for the entire period of probation [generally have] an absolute statutory right to have the charges against [them] dismissed.  ([§] 1203.4, subd. (a)(1).)" (*Dueñas*, *supra*, at p. 1170.)  Indigent probationers, who cannot pay the restitution fine and thus cannot fulfill the conditions of their probation, are denied that right solely by reason of their poverty, *Dueñas* reasons.  (*Id.* at pp. 1170-1171.)

Some courts have disagreed with *Dueñas*'s due process analysis or have limited the case to its facts.  (See *People v. Hicks* (2019) 40 Cal.App.5th 320, 329 [declining to follow *Dueñas*]; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279 [following *Hicks*]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 [declining to follow *Dueñas*]; (*People v. Caceres* (2019) 39 Cal.App.5th 917, 926-927 [declining to extend *Dueñas* beyond "[its] extreme facts"]; *People v. Allen* (2019) 41 Cal.App.5th 312, 326 [expressing agreement with "the reasoning of the numerous courts that have rejected *Dueñas*'s due process analysis"].)  Panels of this court have reached conflicting conclusions as to whether *Dueñas* was correctly decided.  (See, e.g., *People v. Santos* (2019) 38 Cal.App.5th 923, 927 (*Santos*) [following *Dueñas*]; *id.* at pp. 935-939 (dis. opn. of Elia, J.); *People v. Adams* (2020) 44 Cal.App.5th 828, 832 (*Adams*) [concluding that

9

"*Dueñas* was wrongly decided"]; *id*. at pp. 832-833 (dis. opn. of Premo, J.); *People v. Petri* (2020) 45 Cal.App.5th 82, 90 (*Petri*) [finding that *Dueñas* was not "persuasive"]; *id*. at p. 95 (dis. opn. of Premo, J.).) The issue of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments is pending before the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted November 13, 2019, S257844.

Defendant did not object in the trial court to the imposition of the fines and fees now at issue. Because his sentencing hearing took place before *Dueñas* was decided, we excuse the failure to object on due process grounds rather than finding the issue forfeited. (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 489 [finding no forfeiture, reasoning *Dueñas* announced a new "constitutional principle that could not reasonably have been anticipated at the time of trial"]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138 [where minimum restitution fine was imposed, declining to find forfeiture, reasoning that *Dueñas*, while "grounded in long-standing due process principles and precedent," was not "predictable [such that it] should have been anticipated"]; *Santos*, *supra*, 38 Cal.App.5th at pp. 932-933 [declining to find forfeiture].)

However, we reject defendant's due process claim on the merits because we remain convinced that *Dueñas* was wrongly decided for the reasons articulated in *Santos*, *supra*, 38 Cal.App.5th at pp. 935-939 (dis. opn. of Elia, J.); *Adams*, *supra*, 44 Cal.App.5th at p. 832; and *Petri*, *supra*, 45 Cal.App.5th at p. 90. Accordingly, we decline to strike or stay the challenged fines and fees.

The Attorney General argues that *Dueñas* was wrongly decided as to restitution fines, and that the issue should be analyzed under the excessive fines clause of the Eighth Amendment to the federal Constitution. We decline to do so because defendant does not raise an Eighth Amendment challenge.

10

### E.     *Abstract of Judgment*

Lastly, defendant maintains the abstract of judgment contains an error—namely, it indicates that the attempted burglary in case No. B1685118 was committed in 2015 when in fact it was committed in 2014. The Attorney General denies that any correction is necessary, noting that the abstract of judgment and oral pronouncement of judgment are consistent.

The complaint in case No. B1685118 alleged that the crime took place on April 22, 2015. At the change of plea hearing, the trial court stated: "It is alleged in Count No. 1, that on or about April 22nd, 2015 you committed a felony violation of Penal Code Sections 664, 459, and 460 subsection (a), attempted first-degree burglary. [¶] How do you plead to Count 1?" Defendant responded, "Guilty." The parties stipulated to a factual basis for the plea. The abstract of judgment indicates that the attempted burglary was committed in 2015. The probation report states that the underlying police report "indicates a date of April 22, 2014." Uncontradicted testimony from defendant's trial in case No. B1577257 indicates that defendant attempted to burglarize a home in Palo Alto on April 22, 2014.

We agree with the Attorney General that defendant fails to identify a valid legal basis for ordering the abstract of judgment amended. Defendant relies on case law permitting an abstract of judgment to be amended to conform with the oral pronouncement of judgment. But no inconsistency exists between the abstract of judgment and the oral pronouncement of judgment. Instead, the inconsistency is between the abstract of judgment and testimony from trial in a separate case. That said, defendant may raise this issue on remand.

## III.     DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to (1) reverse the true findings on all the prior prison term enhancement allegations; (2) resentence defendant in light of sections 667 subdivision (a) and 1385

11

subdivision (b), as amended by Senate Bill 1393, and section 12022.53, subdivision (h), as amended by Senate Bill 620; and (3) give defendant the opportunity to raise the issue of the accuracy of the abstract of judgment.

_____

ELIA, J.

WE CONCUR:


_____

GREENWOOD, P.J.


_____

GROVER, J.


*People v. Campbell*
H044517

Greenwood, P.J., concurring:

I concur in my colleagues' analysis of defendant's claims, and agree that the judgment should be reversed as specified in the disposition.

I write separately to clarify that I believe that *People v. Dueñas* (2019) 30 Cal.App.5th 1157 was decided correctly. Under certain circumstances, a trial court violates a defendant's federal constitutional right to due process by imposing fines and fees without first assessing the ability of the defendant to pay them. (See *People v. Santos* (2019) 38 Cal.App.5th 923.) But I agree that no due process violation occurred here because such circumstances are not presented on the facts before us. Campbell was sentenced to a significant aggregate prison term, and the trial court imposed minimum fines and fees. Courts have generally accepted that a defendant's ability to pay fines and fees includes the prospect of earning prison wages, and defendant has been sentenced to a prison term that will make payment of the sums achievable. (Penal Code, § 2700; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1077.) I thus conclude that the trial court's failure to conduct an ability-to-pay hearing did not constitute a violation of due process.

_____
Greenwood, P.J.

People v. Campbell
No. H044517