Filed 12/14/22  P. v. Simon CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDDIE CHRISTIAN SIMON, JR.,<br><br>    Defendant and Appellant. | A164229<br><br>(Lake County<br>Super. Ct. No.<br>CR960924) |

**MEMORANDUM OPINION[1]**

A jury convicted defendant Eddie Christian Simon, Jr., of making a criminal threat, interference with another's civil rights, and vandalism, and found true special allegations that defendant had suffered two prior serious felony convictions.  The trial court sentenced defendant to 16 years in prison, which included two consecutive five-year enhancements for the prior serious felony conviction allegations (Pen. Code, § 667, subd. (a)(1)).

Defendant raises a single issue on appeal—that the case should be remanded to allow the sentencing court to consider whether to exercise its discretion to strike the prior convictions.  The People concede remand is warranted.  We agree.

---

[1]  This case is appropriately resolved by way of memorandum opinion pursuant to pursuant to California Standards of Judicial Administration, section 8.1, subdivisions (1) and (3).

Prior to sentencing, the trial court granted, in part, a *Romero* motion,[2] dismissing one prior strike conviction for sentencing purposes. After doing so, the court stated, "There is no striking of the other enhancements. As I understand it, there's two of them found by the jury; I have no authority to strike those." The court then sentenced defendant to 16 years, consisting of the upper term of three years, "doubled to six years" for count 1, and two, five-year consecutive terms for each of the prior serious felony conviction allegations.[3]

Defendant maintains, and the Attorney General agrees, the case must be remanded for the trial court to consider whether to exercise its discretion to also strike one or both of the five-year terms for the prior serious felony convictions imposed under Penal Code section 667, subdivision (a).

"Prior to 2019, trial courts had no authority to strike a serious felony prior that is used to impose a five-year enhancement." (*People v. Jones* (2019) 32 Cal.App.5th 267, 272.) However, effective January 1, 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) vested sentencing courts with discretion to strike enhancements under Penal Code section 667, subdivision (a) for prior convictions of serious felonies. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971-972.)

Remand is required where a trial court is unaware of its sentencing discretion and might have exercised that discretion in the defendant's favor if it had been aware. " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3] The trial court sentenced defendant to 364 days, to be served concurrently for counts 2 and 4.

exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Here, it is clear, that although the trial court thought defendant's 16-year sentence was "a just and proportionate sentence, based upon all the circumstances," it was unaware of its discretion to strike defendant's prior serious felony convictions. Indeed, the trial court stated, "There is no striking [those] enhancements. As I understand it, there's two of them found by the jury; I have no authority to strike those."

Further, since the trial court struck one of defendant's other prior convictions, it is not at all clear that the court would not have also struck one or both of the additional prior convictions. (Compare *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [declining to remand for resentencing because "the trial court indicated that it would not, in any event, have exercised its discretion to lessen the sentence . . . by imposing two additional discretionary one-year enhancements"].)

Accordingly, remand is appropriate to allow the trial court to exercise its discretion as to whether to strike defendant's prior serious felony convictions for sentencing purposes.

## DISPOSITION

The matter is remanded for the trial court to exercise its discretion whether to strike the enhancements under Penal Code section 667, subdivision (a). In all other respects, the judgment is affirmed.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Margulies, J.

A164229*, People v. Simon*

4