Filed 3/29/23  P. v. Carbajal CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO HERNANDEZ CARBAJAL,<br><br>        Defendant and Appellant. | A165143<br><br>(Del Norte County<br>Super. Ct. No. CR-PB-19-5041) |

        This is the second appeal in this case.  In the first appeal, we reversed eight of defendant's 16 convictions and remanded to the trial court for resentencing.  Defendant now appeals from the resentencing, arguing that he was effectively denied representation at his resentencing hearing, or at a minimum, his counsel was ineffective.

        We conclude defense counsel rendered ineffective assistance because his failure to prepare for the sentencing hearing or ask for a continuance prejudiced defendant.  Therefore, we reverse the judgment and remand to the trial court for resentencing.

# I. BACKGROUND[1]

## A. *Prior Appeal*

A riot occurred at Pelican Bay State Prison in May 2017, in which multiple correctional officers were severely injured. A jury convicted defendant of 16 counts of assault in connection with attacks on eight different officers during the riot. The trial court sentenced defendant to a term of 59 years to life, consecutive to the sentence he was already serving. The sentence was comprised of three consecutive terms of nine years to life on counts 9, 10, and 11, for assault by a life prisoner (Pen. Code,[2] § 4500), doubled based on a prior strike conviction, plus five years for a prior serious felony enhancement. The court imposed concurrent terms on the remaining convictions for assault by a life prisoner (§ 4500) and stayed the sentences pursuant to section 654 on eight counts of assault by a state prisoner (§ 4501, subd. (b)).

Defendant challenged his convictions on several grounds. This court determined that insufficient evidence supported seven of his section 4500 convictions, and one of defendant's section 4501, subdivision (b) convictions had to be reversed because he was convicted of section 4500 on the same grounds. The matter was remanded to the trial court for resentencing. (*People v. Carbajal, supra*, A161025.)

## B. *Resentencing*

On remand, defendant's trial counsel appeared at the resentencing hearing. Counsel stated that he was unprepared for the hearing and had

---

[1] Because this is an appeal from resentencing, a detailed factual background is unnecessary. The full factual background can be found in this court's prior nonpublished opinion, *People v. Carbajal* (Dec. 6, 2021, A161025).

[2] All further statutory references are to the Penal Code.

made no sentence calculations because he was unaware the resentencing was on calendar. Counsel did not request a continuance of the resentencing hearing and made no objections to the sentence. At defendant's request, his counsel put on the record that defendant did not believe the sentencing calculation was correct. Counsel stated he did not understand what defendant was saying and had not reviewed it with defendant.

The trial court sentenced defendant to a term of 31 years to life comprised of four consecutive terms. The first term was nine years to life on count 15 for assault by a life prisoner (§ 4500), doubled based on the prior strike offense. The other three consecutive terms were 16 months each on counts 1, 2, and 3, for assault by a state prisoner (§ 4501, subd. (b)), doubled for the prior strike. The remaining convictions for assault by a state prisoner were stayed pursuant to section 654. A five-year consecutive term was added for the prior serious felony enhancement.

## II. DISCUSSION

Defendant contends the judgment should be reversed because he was effectively denied representation at the resentencing hearing or at a minimum, his counsel was ineffective.

### A. Defendant Was Effectively Denied Representation

Under the Sixth Amendment and the California Constitution, a criminal defendant has the right to the assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) " '[T]he right to counsel is the right to the effective assistance of counsel.' " (*Strickland v. Washington* (1984) 466 U.S. 668, 686 (*Strickland*).) Ordinarily, a defendant must establish an ineffective assistance of counsel claim by showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that the deficient performance resulted in prejudice.

3

(*Strickland*, at pp. 687–688, 691–692; *People v. Jennings* (1991) 53 Cal.3d 334, 357.)

In *United States v. Cronic* (1984) 466 U.S. 648 (*Cronic*), the United States Supreme Court established a narrow exception to the general *Strickland* rule that a defendant must demonstrate prejudice to prove ineffective assistance of counsel. The high court in *Cronic* held that prejudice is presumed in three situations: where there is a "complete denial of counsel" at a "critical stage" of the proceedings, where counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," or where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." (*Cronic*, *supra*, at pp. 658–660 & fn. 25.)

Defendant contends that counsel's performance at his resentencing hearing was so inadequate that it resulted in a constructive denial of counsel and prejudice should be presumed. We agree. At resentencing, counsel was admittedly unprepared and did not raise any questions about the sentence. Nor did counsel ask for a continuance, make any objections, or ask the court to explain its sentencing choices. Specifically, defense counsel said, "I hadn't calculated the sentencing. I wasn't prepared for this hearing today. I wasn't aware it was on calendar." At defendant's request, counsel put on the record that defendant believed the court's sentencing calculation was incorrect under Senate Bill No. 1437 (2017–2018 Reg. Sess.).[3] However, counsel

---

[3] Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended Penal Code sections 188 and 189 to limit the scope of the felony-murder rule and to eliminate natural and probable consequences liability for murder as it applies to aiding and abetting (*People v. Lewis* (2021) 11 Cal.5th 952, 957), but it is

4

added, "I don't understand what he's saying. . . . [¶] . . . [¶] . . . And I haven't gone over that with him." Aside from these brief comments, defense counsel did nothing to represent defendant at the resentencing hearing, and despite his lack of preparation, stated that he had no objection to the trial court's proposed sentence. Under these circumstances, counsel "entirely failed to subject the prosecution's case to meaningful adversarial testing." (*People v. Benavides* (2005) 35 Cal.4th 69, 86; *People v. Ruiz* (Mar. 15, 2023, B312062) ___ Cal.App.5th ___ [2023 Cal.App. Lexis 188; 2023 WL 2517936] [*Cronic* presumption of prejudice applied where defense counsel failed to act in role of advocate at resentencing]; see *Lewis v. Zatecky* (7th Cir. 2021) 993 F.3d 994, 1004–1006 [*Cronic* presumption of prejudice applied where defense counsel completely failed to advocate for defendant at sentencing, stating only, " 'I'm going to defer to [the defendant] if he has any comments. I don't have anything to add.' "].)

The Attorney General argues that *Cronic* does not apply because the hearing was "not a trial" and was a "narrowly circumscribed resentencing hearing." The Attorney General fails to cite any authority, however, that *Cronic* does not apply to resentencing hearings. To the contrary, sentencing is a "critical stage" of the proceedings during which a criminal defendant is entitled to the assistance of counsel. (*People v. Doolin* (2009) 45 Cal.4th 390, 453; *People v. Basler* (2022) 80 Cal.App.5th 46, 57 [resentencing is a critical stage of a defendant's criminal prosecution].)

The Attorney General also contends defendant was represented by counsel because his counsel was the same attorney who represented him through trial and the first sentencing hearing and was thus familiar with the

---

not applicable to defendant in this case because the crimes at issue do not involve murder.

5

facts of the case and the sentencing issues. Nonetheless, familiarity with the trial is not enough. Counsel is also charged with "understanding, advocating, and clarifying permissible sentencing choices." (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).) It is clear from the record that defense counsel was unprepared for the resentencing hearing, had not done the sentencing calculations, did not confer with defendant beforehand, and failed to make objections or ask the court to explain its sentencing choices. Further, as we discuss below, counsel failed to ask the court to exercise its discretion to strike a prior serious felony enhancement under recent statutory amendments that had become effective since the original sentencing. At a minimum, counsel should have requested a continuance to prepare for the resentencing hearing.

We are persuaded this is the unusual case in which defense counsel's performance was so inadequate that it resulted in a constructive denial of counsel at the critical stage of resentencing. Thus, the circumstances justify a presumption of prejudice.

## B. *Defendant Received Ineffective Assistance of Counsel*

Even if the *Cronic* exception does not apply to defendant, we conclude defense counsel's performance was deficient and defendant was prejudiced.

### 1. Counsel's Representation Fell Below the Objective Standard of Reasonableness Under Prevailing Professional Norms

To establish an ineffective assistance of counsel claim, a defendant must show that counsel's performance was unreasonable under "prevailing professional norms" and that, as a consequence, the defendant was prejudiced. (*Strickland*, *supra*, 466 U.S. at pp. 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.)

The Attorney General appropriately concedes that "[t]his is the rare case where [the] deficient performance prong of *Strickland* is clear from the

6

record." It is part of defense counsel's duty to understand, advocate, and clarify permissible sentencing choices at the hearing. (*Scott*, *supra*, 9 Cal.4th at p. 353.) At the resentencing hearing, defense counsel admitted he was unaware the hearing was on calendar, was unprepared, and had not calculated the sentence. There is no reasonable explanation for counsel's failure to request a continuance to prepare.

We conclude that defense counsel provided representation that fell below the objective standard of reasonableness under prevailing professional norms.

### 2. Defendant Was Prejudiced by Counsel's Deficient Performance

Prejudice for an ineffective assistance of counsel claim normally must be established by demonstrating that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland*, *supra*, 466 U.S. at p. 694.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Ibid.*; *People v. Jennings*, *supra*, 53 Cal.3d at p. 357.)

Defendant advances two reasons there was a reasonable probability of a different result in this case. First, defendant argues that counsel's failure to ask the court to explain its sentencing choices was prejudicial because there was a reasonable chance the court would have reconsidered and imposed a lesser sentence if asked to state its reasons. Second, defendant contends that counsel's failure to ask the court to dismiss the prior serious felony enhancement based on recent amendments under Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) was prejudicial because there was a reasonable chance the court would have stricken the enhancement.

A trial court typically has discretion to impose consecutive sentences for multiple convictions. (§ 1170.1, subd. (a); *Scott*, *supra*, 9 Cal.4th at

7

p. 349.)  "The statutes and sentencing rules generally require the court to state 'reasons' for its discretionary choices on the record at the time of sentencing."  (*Scott*, at p. 349.)

At the original sentencing, the trial court imposed three consecutive sentences on three of the assault by life prisoner counts, declining to impose additional consecutive sentences, because the court felt anything longer might be construed as disproportionate and an abuse of discretion.  At resentencing, the trial court was still concerned with leniency.  Specifically, the court stated it could not impose a more severe sentence than the original sentence because defendant was successful on appeal.  Nonetheless, the court imposed four consecutive terms.  The court did not explain its choice of four rather than three consecutive terms and defense counsel did not ask the court to state its reasons on the record.

We reject the Attorney General's argument that defendant cannot show prejudice because "the trial court had discussed its reasoning for imposing some consecutive sentences *at the first hearing*, and its decision was as much an act of leniency as it was a decision to impose additional punishment." (Italics added.)  Because the trial court expressly stated it could not impose a harsher sentence, it may have been amenable to arguments reducing the proposed sentence to avoid any appearance of punishing defendant for exercising his right to appeal.  On this record, we cannot say whether the court would have considered imposing fewer consecutive terms if asked to explain its reasons for imposing four consecutive sentences rather than three as it had originally done.

Defendant also contends that counsel's failure to ask the court to dismiss the prior serious felony enhancement based on recent amendments

under Senate Bill 81 was prejudicial because there was a reasonable chance the court would have stricken the enhancement.

"In 2021, the Legislature enacted [Senate Bill 81], which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) The amendments, which became effective January 1, 2022, applied at the time of defendant's resentencing. (*Sek*, at p. 674.)

Defendant's counsel did not raise any argument regarding the application of Senate Bill 81 at the resentencing hearing, nor does it appear from the record that the trial court independently considered any of the possible mitigating factors under the new law. On appeal, defendant contends the trial court could have exercised its discretion to dismiss the prior serious felony enhancement under at least three of the new mitigating factors added by Senate Bill 81: (1) the application of the enhancement "could result in a sentence of over 20 years," in which case the enhancement "shall be dismissed"; (2) "[t]he current offense is not a violent felony as defined in subdivision (c) of Section 667.5"; and (3) "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(C), (F) & (H); Stats. 2021, ch. 721, § 1.)

Generally, " '[w]hen the record shows that the trial court proceeded with sentencing on the . . . assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion. [Citation.]

9

But if ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required." ' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)

Based on the record before us, we are unable to determine whether the trial court would have exercised its discretion to strike the enhancement, particularly if defense counsel had informed the court of the mitigating factors included in the new law. When the court first announced its intended sentence at the resentencing hearing, it made no mention of the five-year prior serious felony enhancement, stating only that it intended to give defendant "the original and same sentence on Count 15," doubled based on the special allegation, and impose consecutive sentences on counts 1, 2, and 3, again doubled by the special enhancement. After summarizing its intended sentence, the court said: "[Y]ou know, the problem is I can't—he was successful on appeal. And I can't make it worse for him. There's a rule that says you can't get a worse sentence when you come back from appeal. And I thought that this was fair, given everything. I presided over his trial. I still remember it. So that's what I'm going to do."

The prosecutor then asked "that we also add the five-year [section] 667[, subdivision] (a) enhancement," to which the court responded, "What?" When the prosecutor reminded the court it had imposed a five-year enhancement before, the court said, "I don't remember that from the original sentence." The court then asked, "What does 667(a) do?" When the prosecutor informed the court that "[i]t adds five years," the court responded, "Independent of the doubling?" The prosecutor responded affirmatively, and the court said: "Okay. If that's what we did before, that's what I'll do now if you're sure about that." The prosecution responded, "Yes, I am." Defense counsel did not object, make any argument about the court's discretion to

10

dismiss the enhancement, or mention Senate Bill 81 and the new mitigating factors.

The Attorney General argues remand is unnecessary because it is clear from the record that the court would have reached the same conclusion had it been aware of its discretion. In the cases relied upon by the Attorney General, however, the trial courts made clear on the record they would not have exercised their discretion even if they had the authority to do so. (See, e.g., *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896; *People v. McVey* (2018) 24 Cal.App.5th 408, 418–419.) Here, by contrast, it appears the court was unaware of the effect of section 667, subdivision (a) on defendant's sentence, did not remember imposing the enhancement at the initial sentencing, and indicated it was doing so on resentencing only because it had done so before and only "if [the prosecutor was] sure about that." This is hardly a record on which we can say with assurance that the trial court would have refused to exercise its discretion to strike the enhancement had it been aware it had such authority. (See *People v. McDaniels*, *supra*, 22 Cal.App.5th at pp. 427–428 [remand was proper where record contained no clear indication that trial court would not strike enhancements].)

We are also unpersuaded by the Attorney General's alternative argument that none of the factors included in the new legislation apply on the facts of this case. In making these arguments, the Attorney General relies primarily on recommendations made in the probation report and by the prosecutor and comments by the trial court from the original sentencing that there were no mitigating factors weighing in defendant's favor. But the resentencing occurred after the passage of Senate Bill 81, which established the new mitigating factors identified by defendant. In exercising its discretion whether to dismiss an enhancement, a court is required to

11

"consider and afford great weight" to the proof of any mitigating circumstance identified in section 1385, subdivision (c)(2). (§ 1385, subd. (c)(2).)

In sum, there is a reasonable probability that the result of the proceeding would have been different had defense counsel been prepared for the resentencing hearing, advocated different sentencing choices, and argued for the application of mitigating factors under Senate Bill 81. Although it is possible the Attorney General is right that the court would have declined to strike the five-year enhancement in light of public safety considerations, the seriousness of the offenses, and defendant's prior convictions, we cannot say with confidence that is true. On this record, and out of an abundance of caution, the proper disposition is to remand so the trial court can exercise its discretion in the first instance. We express no opinion on how the court should exercise that discretion.[4]

---

[4] The parties raise several additional arguments about the application of section 1385, subdivision (c)(2)(C) to defendant's sentence. Defendant argues the trial court was *required* to dismiss his prior serious felony enhancement under that subdivision, or in the alternative, the trial court should have exercised its discretion to dismiss the enhancement under that factor. The Attorney General argues it does not apply to defendant's sentence at all. We decline to address these arguments which may be irrelevant depending on the outcome of the proceedings on remand. As to defendant's argument that the trial court is necessarily *required* to dismiss the enhancement if it could result in a sentence of over 20 years because the statute states the enhancement "shall be dismissed" in such circumstances, we note several recent published decisions have rejected that reading of the statutory language. (See, e.g., *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17–21 [rejecting argument that language in statute providing enhancement "shall be dismissed" makes dismissal mandatory whenever a sentence over 20 years may result]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 239 [language in § 1385 that trial court "shall" dismiss an enhancement is conditioned on finding dismissal is in the interest of justice]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294–297 [court not required to dismiss enhancement under § 1385, subd. (c)(2)(C) if it would endanger public safety];

## C. *Abstract of Judgment*

Both parties agree that the amended abstract of judgment included in the augmented clerk's transcript, transmitted to this court while the appeal was pending, states the incorrect date for defendant's resentencing hearing. The abstract incorrectly states the date of the original sentencing, September 3, 2020.  The correct resentencing date is April 21, 2022.

The amended abstract of judgment also incorrectly reflects that defendant was sentenced on count 7 for assault by a state prisoner.  At the resentencing hearing, the court properly struck the sentence for count 7 (§ 4501, assault by a state prisoner) in accordance with the holding of our prior opinion that defendant could not be convicted under both section 4500 and section 4501 for the assault on Officer McCully.  (*People v. Carbajal*, *supra*, A161025.)  The trial court is directed to correct both errors on remand.

## III.  DISPOSITION

The judgment is reversed and remanded to the trial court for resentencing.  On remand, the trial court may consider the application of Senate Bill 81's amendments to section 1385 in the proceeding.  The court shall also correct the abstract of judgment as stated in this opinion and forward a copy of the abstract of judgment to the Department of Corrections and Rehabilitation.  Finally, because we have concluded the judgment must be reversed due to the ineffective assistance of counsel, we direct the clerk of this court to forward a copy of this opinion to the State Bar of California and notify defense counsel in the trial court proceedings, as required by statute. (See Bus. & Prof. Code, § 6086.7, subds. (a)(2) & (b).)

---

see also *People v. Walker* (2022) 86 Cal.App.5th 386, 396–398, review granted Mar. 22, 2023, S278309 [purpose of § 1385 read as a whole is to give trial court discretion to dismiss enhancements].)

13

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A165143
*People v. Carbajal*

14