Filed 12/1/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B308616 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA083959) |
| v. | |
| GINO CERVANTES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Thomas Rubinson, Judge.  Affirmed.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————————

Gino Cervantes appeals from a decision of the trial court not to strike a firearm enhancement pursuant to our limited remand based on the retroactive application of Senate Bill No. 620 (SB 620) (2017–2018 Reg. Sess.).[1]  Appellant claims the trial court "failed to exercise its informed discretion in not reconsidering Mr. Cervantes's entire sentence and in not considering the triad of possible terms for the Penal Code section 12022.5, subdivision (a) firearm enhancement."[2]  We affirm.

## FACTS AND PROCEDURAL HISTORY
### *The Incidents and the Jury Trial*

Appellant was charged in a six count information stemming from two separate shooting incidents that occurred about six months apart.[3]  In both incidents, appellant's motive for the shooting appeared to be over the victims' alleged romantic pursuit of a woman appellant had dated.

The jury ultimately convicted appellant for three of the charged counts and acquitted on the rest.  He was convicted for assault with a semi-automatic firearm (§ 245, subd. (b) on count 2), possession of a firearm by a felon (§ 29800, subd. (a)(1) on count 4), and assault with a firearm (§ 245, subd. (a)(2) on count 5)—along with true findings on special enhancements for personal use of a firearm (§ 12022.5, subd. (a) attached to counts

---

[1]    SB 620 applies retroactively to convictions that are not final.  (*People v. K.P.* (2018) 30 Cal.App.5th 331, 339.)

[2]    All undesignated statutory references are to the Penal Code.

[3]    We abbreviate the facts concerning appellant's crimes as they are not pertinent to this appeal.

2 and 5) and personal infliction of great bodily injury (§ 12022.7, subd. (a) on counts 2 and 5). The jury acquitted appellant on willful, deliberate, premeditated attempted murder (§§ 664/187, subd. (a) on count 1), and assault with a stun gun or taser (§ 244.5 subd. (b) on counts 3 and 6). The appellant admitted his strike prior.

The trial court sentenced appellant to an aggregate term of 29 years and four months, including an imposition of 10 years for the gun enhancement on count 2.

### *Initial Appeal*

We filed our unpublished opinion on October 29, 2018. (*People v. Cervantes* (Oct. 29, 2018, B283528) [nonpub. opn.].) Appellant raised three major contentions: (1) juror misconduct, (2) ineffective assistance of trial counsel, and (3) retroactive application of SB 620. We rejected the first two contentions but found merit on the SB 620 claim. We noted that on remand, "the trial court may strike the firearm enhancements or strike only the punishment for the enhancements." We instructed in the disposition that "[t]he matter is remanded to allow the trial court to exercise its discretion to strike the firearm enhancements under section 12022.5, subdivision (c)."

### *Hearing on the Limited Remand*

After our remittitur issued, the trial court took up the limited remand on October 7, 2020. Several weeks before the hearing, appellant's trial counsel filed a motion asking the trial court to strike the firearm enhancement. The motion did not

3

request the trial court to impose a lesser triad on the section 12022.5, subdivision (a) enhancement.[4]

At the hearing, the trial court denied the request to strike the enhancement by ruling as follows:

> "All right. I am not going to exercise my discretion to strike the firearm allegation in this matter. Mr. Cervantes chose to initiate gun-related violence against multiple people in this case resulting in more than one person getting shot. At least one with quite serious medical consequences. You know, this should have not happened. He should have never been there. He should have thought about clearly in advance in approaching these people and knew where they were going to be. His record is lengthy and serious. He presents a very clear danger to our community by his willingness to lash out with the use of firearms when he's unhappy about something or not getting what he wants or someone disrespects him, or whatever the terminology you want to use, and these statutes were enacted by our Legislature for purposes of insuring longer sentences when people use guns than when they don't use guns to try to dissuade the use of firearms in the commission of crimes in our community. And while I'm aware, I do have the discretion to strike it in a given case, and I would in a given case, and I just don't think it's appropriate to do so in this case."

---

[4]     The triad for the firearm enhancement is provided in section 12022.5, subdivision (a), which states, "Except as provided in subdivision (b), any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."

Appellant's trial counsel also asked the trial court to reconsider dismissing appellant's strike prior pursuant to section 1385, subdivision (a).  The trial court noted:

> "I do see that here.  You are quite correct Mr. Darden, on May 24th, which was the day of the sentencing, the motion to strike the strike was filed and denied.  So I have already made the ruling on that motion and my ruling on it, even if I have discretion at this point, which I'm not sure I do, I would not be inclined to strike the strike at this point."

## DISCUSSION

Appellant contends the trial court "failed to exercise its informed discretion" in not reconsidering his entire sentence. He also contends the trial court erred by not considering the triad of possible terms under section 12022.5, subdivision (a).  We find no error and affirm.

## I.      Legal Principles

SB 620 took effect on January 1, 2018.  (Stats. 2017, ch. 682.)  Thereafter, under what criminal law practitioners call the *Estrada* rule,[5] various courts of appeal have held SB 620 applies retroactively to all judgments not yet final.  (See *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090–1091; *People v. Robbins* (2018) 19 Cal.App.5th 660, 678–679; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 423; *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1080.)  Our limited remand to the trial court was based on the same *Estrada* rule.

---

[5]      The *Estrada* rule states, "If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies."  (*In re Estrada* (1965) 63 Cal.2d 740, 744.)

Remand, however, is not required in every instance where a trial court imposed a firearm enhancement before SB 620's effective date. If " 'the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required.' " (*People v. Gamble* (2008) 164 Cal.App.4th 891, 901.)

For ease of reference, we refer to this as the "No Remand" rule. Under this rule, appellate courts look to the record to determine whether it contains "clear indication that the trial court will not exercise its discretion to reduce [appellant's] sentence." (*People v. McDaniels, supra*, 22 Cal.App.5th at p. 423.)

The No Remand rule is premised on the ground the trial court has committed no legal error—for, if the trial court had committed error, remand would be necessary to correct the error and conduct resentencing. Instead, the remand is triggered by a change in either statutory or decisional law that grants authority to trial courts to strike or dismiss a sentencing enhancement where none existed prior to the effective date of such change.[6] In this scenario, remand is necessary only where the record is

---

[6] The No Remand rule dates back at least to the Three Strikes law when trial courts struggled over whether they had the discretion to dismiss strike prior allegations under section 1385. After *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 clarified the application of section 1385 to dismiss strike priors, courts of appeal were faced with the question whether or not to remand judgments that were not yet final for consideration of this power to dismiss. In this context, *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, held "no purpose would be served in remanding for reconsideration" where a trial court "indicated that it would not . . . have exercised its discretion to lessen the sentence." (*Id.* at p. 1896.)

unclear whether the trial court would not use the discretion to sentence the defendant differently.

## II.    Analysis

Appellant asks us to remand this case for another resentencing hearing because the trial court failed to exercise its full sentencing discretion.  We disagree.

Appellant's arguments are based on what he coins the "full sentencing rule":  that when an appellate court remands a case for resentencing, the trial court may consider the entire sentence. He cites *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 (*Garner*), and *People v. Hubbard* (2018) 27 Cal.App.5th 9, 13 (*Hubbard*) for this rule.  Neither of these cases dealt with SB 620. Both *Garner* and *Hubbard* concerned resentencing under Proposition 36, which amended the application of California's Three Strikes law.  Under section 1170.126, inmates serving a "third strike" sentence, if he or she qualifies, may petition the trial court for a recall of sentence, and obtain resentencing to a "second strike" sentence.  (See § 1170.126, subd. (e).)

We did not remand this case to recall and resentence as under section 1170.126, subdivision (b), nor did we remand because the trial court committed legal error in sentencing. Instead, our disposition was clear—"The matter is remanded to allow the trial court to exercise its discretion to strike the firearm enhancements under section 12022.5, subdivision (c)."  We did not vacate the sentence in any way—resentencing was ultimately not required.

"The issues a trial court may address in remand proceedings are therefore limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a

7

particular determination, the trial court is not authorized to do so. [Citations.]" (*Ayrad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859–860.)

Based on our remittitur, the trial court properly focused on whether or not to dismiss the firearm enhancement as directed in the remittitur. Indeed, the motion appellant filed for the remand proceeding asked for just that—for the trial court to exercise its discretion to dismiss the firearm enhancement. In ultimately denying appellant's specific request to strike the firearm enhancement, the trial court considered four separate grounds for denying the request: (1) the serious nature of appellant's two separate acts of violence against two different victims, (2) appellant's numerous and lengthy criminal history, (3) appellant's potential danger to the community, and (4) appellant's failure to consider the consequences of his actions. The trial court clearly and thoughtfully considered the request to dismiss the firearm enhancements.

Despite this, appellant contends the trial court misunderstood its authority to consider the full sentence when appellant's trial counsel asked the trial court to dismiss the strike prior. He also claims the trial court failed to recognize its ability to impose the lesser triad for section 12022.5, subdivision (a).[7] This, however, puts the cart before the horse. Again, we did not vacate any portion of the sentence. Instead, we directed the trial court to consider its discretion to dismiss the firearm enhancement under section 12022.5, subdivision (c)—not whether

---

[7] The trial court imposed the upper term of 10 years on count 2. The triad under section 12022.5, subdivision (a) is 3, 4, or 10 years in prison.

8

or not to dismiss the strike priors in the first instance. Also, the trial court's imposition of the upper term for the firearm enhancement was not challenged in the initial appeal as unauthorized or excessive. We did not remand the case because the trial court erroneously imposed the upper term. As such, the trial court's action in the remand proceeding, based on our remittitur, was proper. As such, we find no error.

## DISPOSITION

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**

OHTA, J.*

We concur:

GRIMES, Acting P. J.

WILEY, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9