Filed 3/10/25

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRANCE RUSSELL TERWILLIGAR,<br><br>    Defendant and Appellant. | A170304<br><br>(Sonoma County<br>Super. Ct. No. SCR4769261) |

Defendant and appellant Terrance Russell Terwilligar (appellant) appeals following his resentencing under Penal Code section 1172.75.[1] This appeal requires an examination of the interaction of two provisions: section 1172.75, which was enacted by Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) (Senate Bill 483), and the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act). Section 1172.75 provides previously convicted defendants with a procedure to seek retroactively the relief provided by an earlier amendment to section 667.5 limiting imposition of prior prison term enhancements.[2] (See

---

[*] Pursuant to California Rules of Court, rules 8.1100, 8.1105(b), and 8.1110, this opinion is certified for publication with the exception of Part II.B. of the Discussion.

[1] All undesignated statutory references are to the Penal Code.

[2] Section 1172.75 was originally numbered section 1171.1, and then renumbered section 1172.75. (Assem. Bill No. 200 (2021–2022 Reg. Sess.) (Stats. 2022, ch. 58, § 12).)

Sen. Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) (Senate Bill 136).) The Reform Act "changed the sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony." (*People v. Conley* (2016) 63 Cal.4th 646, 652 (*Conley*).)

In the present case, during a section 1172.75 resentencing, the trial court struck three prior prison term enhancements but otherwise imposed the original sentence, including consecutive indeterminate terms of 25 years to life on two assault counts. Appellant contends the trial court erred in declining to resentence him under the revised penalty provisions of the Reform Act. Respondent agrees, but we do not. Instead, we follow four Court of Appeal decisions, now on review before the California Supreme Court, that have rejected the position taken by the parties in this appeal. (See *People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, review granted Aug. 28, 2024, S286128 (*Williams*); *People v. Santos* (2024) 100 Cal.App.5th 666, review granted May 29, 2024, S284341 (*Santos*); *People v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24, 2024, S284259 (*Kimble*); *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305 (*Guevara*).)[3] In the published portion of this decision, we provide additional support for the holdings in those cases by interpreting section 1172.75, and we reject respondent's arguments to the contrary.[4] In the unpublished portion of the decision, we remand for a determination of whether appellant has shown good cause for filing a late petition under section 1170.126, the Reform Act's resentencing provision.

---

[3] The question before the Supreme Court in *Guevara*, the lead case, is "Do the revised penalty provisions of the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.12) apply when a defendant is resentenced pursuant to Senate Bill No. 483 (Pen. Code, § 1172.75)?"

[4] Respondent's briefing is more thorough than appellant's briefing.

## BACKGROUND

In March 2006, the Sonoma County District Attorney filed an information charging appellant with two counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1); counts 1 & 3) and three counts of battery resulting in serious bodily injury (§ 243, subd. (d); counts 2, 4, & 5). The information also alleged that appellant suffered two prior strike convictions (§ 1170.12) and five prior prison terms (§ 667.5, subd. (b)).[5]

In September 2006, a jury found appellant guilty of the assault charges, two lesser included counts of battery (§ 242), and one count of battery resulting in serious bodily injury. In August 2007, the trial court sentenced appellant to a prison term of 53 years to life, including indeterminate terms of 25 years to life on counts 1 and 3 and three one-year prior prison term enhancements.

In September 2023, appellant petitioned the trial court for resentencing under section 1172.75 and "invite[d] the court to exercise its discretion pursuant to [s]ection 1385 [and] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and [s]trike the [p]rior [s]trike [c]onviction." Respondent agreed the court was required to strike appellant's prior prison term enhancements, but it objected to any further reductions to appellant's sentence. Respondent conceded that appellant's "convictions are not 'serious' or 'violent' . . . and that if [appellant] were to be convicted and sentenced under the law as it exists in 2024, he would not be eligible for a three-strikes sentence due to the [Reform Act], codified at [s]ection 1170.126." However, respondent argued—in reasoning it now disavows—that appellant "is not entitled to relief because

_____

[5] We need not and do not summarize the facts underlying the charges because they are not relevant to the issues on appeal.

3

the constitutional restrictions on amending statutes enacted by initiative prevent the provisions of [section] 1172.75 from improperly amending the [Reform Act]." In supplemental briefing, appellant requested resentencing under section 1170.126. Appellant argued there was good cause for a late petition, filing a declaration averring he previously had "asked two different correctional counsellors if [he] was eligible for resentencing [under the Reform Act], and was told by both that [he] was not eligible."

In March 2024, the trial court denied appellant's *Romero* motion and his request for relief under section 1170.126. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).) The court struck appellant's three prior prison term enhancements and sentenced him to a term of 50 years to life in prison. The present appeal followed.

DISCUSSION

I.    *Legal Background*

    A.    *The Reform Act*

"Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years." (*Conley, supra,* 63 Cal.4th at p. 651.) In 2012, the electorate passed the Reform Act, which "changed the sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony. [Citation.] Under the Reform Act's revised penalty provisions, many third strike defendants are excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in the same way as second strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction'

4

[citation]. A defendant does not qualify for this ameliorative change" under various "disqualifying" circumstances that "must be pleaded and proved by the prosecution." (*Conley*, at pp. 652–653.)[6]

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure. [Citation.] Under section 1170.126, 'within two years after the effective date of the act . . . or at a later date upon a showing of good cause,' such persons [could] file a petition for a recall of sentence before the trial court that entered the judgment of conviction. (*Id.*, subd. (b).) If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subds. (e), (f)), section 1170.126 provides that [the petitioner] 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id.*, subd. (f)). In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while

---

[6] Disqualifying factors include if the "current offense is a controlled substance charge involving large quantities ([§ 1170.12], subd. (c)(2)(C)(i)), one of various enumerated sex offenses (*id.*, subd. (c)(2)(C)(ii)), or one in which [the defendant] used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury (*id.*, subd. (c)(2)(C)(iii)). The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death. (§ 1170.12, subd. (c)(2)(C)(iv)(I)–(VIII).)" (*Conley*, *supra*, 63 Cal.4th at p. 653.)

incarcerated, and '[a]ny other evidence the court . . . determines to be relevant.' (*Id.*, subd. (g)).)" (*Conley, supra,* 63 Cal.4th at p. 653.)

Therefore, the Reform Act "enacted two kinds of reforms: prospective, by exempting some newly-charged defendants from an indeterminate term, and retrospective, by permitting resentencing for some already convicted." (*People v. Frierson* (2017) 4 Cal.5th 225, 231.) "The recall procedures . . . were designed to strike a balance between the[] objectives of mitigating punishment and protecting public safety by creating a resentencing mechanism for persons serving indeterminate life terms under the former Three Strikes law, but making resentencing subject to the trial court's evaluation of whether, based on their criminal history, their record of incarceration, and other relevant considerations, their early release would pose an 'unreasonable risk of danger to public safety.' " (*Conley, supra,* 63 Cal.4th at p. 658.)

B.    *Section 1172.75*

Effective January 1, 2020, Senate Bill 136 amended section 667.5 by limiting imposition of the prior prison term enhancement to prior terms for sexually violent offenses. Then, in Senate Bill 483, effective January 1, 2022, the Legislature made the change retroactive, enacting section 1172.75, which provides in subdivision (a) that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." The statute expressly provides for resentencing; once a trial court has determined that a defendant's current judgment includes a now-invalid prior prison term enhancement, "the court *shall recall the sentence and resentence* the defendant." (§ 1172.75, subd. (c),

6

italics added; see also *People v. Rogers* (2025) 108 Cal.App.5th 340, 353 (*Rogers*).)

Among other things, section 1172.75, subdivision (d)(1) and (2) provides that "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and that "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." Furthermore, "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

C. *Statutory Interpretation Principles*

Statutory interpretation is a question of law that we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " 'Our fundamental task in construing' . . . any legislative enactment, 'is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citation.] We begin as always with the statute's actual words, the 'most reliable indicator' of legislative intent, 'assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning

7

governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy.' " (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 837–838 (*Even Zohar*).)

"We presume that when enacting a statute, the Legislature was aware of existing laws and judicial decisions in effect at the time and intended to maintain a consistent body of rules." (*Kalpoe v. Superior Court* (2013) 222 Cal.App.4th 206, 211 (*Kalpoe*).) " ' "[A] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions." ' " (*Even Zohar*, *supra*, 61 Cal.4th at p. 838.) In particular, "we will interpret a statute as consistent with applicable constitutional provisions, seeking to harmonize Constitution and statute." (*California Housing Finance Agency v. Elliott* (1976) 17 Cal.3d 575, 594 (*California Housing Finance*); accord, *People v. Prado* (2020) 49 Cal.App.5th 480, 484.)

II.   *Analysis*

Appellant's 2006 assault convictions are not serious or violent felonies for purposes of the Three Strikes law. May appellant benefit from the Reform Act's revised penalties, which prescribe that (absent a disqualifying circumstance) a defendant whose "third strike" is not a serious or violent felony must be sentenced to a determinate term as if a second-strike offender? Respondent argues in the affirmative: "unambiguous language in section 1172.75 required the trial court to sentence appellant under the current penalty provisions of the Three Strikes law, as amended by the

8

Reform Act."  As explained below, we disagree and join the Court of Appeal decisions that have rejected that view.  Nevertheless, although the relief appellant seeks is unavailable in a section 1172.75 resentencing, we remand for a determination of whether there is good cause for appellant to file a late petition for relief *under section 1170.126*, based on his allegation that prison counselors misled him about his eligibility for relief under the Reform Act.

A.    *The Revised Penalty Provisions of the Reform Act Do Not Apply During Resentencing Under Section 1172.75*

Several appellate decisions have concluded that the revised penalty provisions of the Reform Act (§ 1170.12, subd. (c)(2)(C)) do not apply during section 1172.75 resentencing to reduce an indeterminate life term to a determinate term when the third strike is not a serious or violent felony. (See *Williams*, *supra*, 102 Cal.App.5th 1242; *Santos*, *supra*, 100 Cal.App.5th 666; *Kimble*, *supra*, 99 Cal.App.5th 746; *Guevara*, *supra*, 97 Cal.App.5th 978.) We briefly summarize those decisions, add some additional conclusions regarding the proper construction of section 1172.75, and address respondent's arguments on appeal.

At the outset, we note that our task is to construe section 1172.75 to determine whether the Legislature intended that a defendant in appellant's situation would benefit from the revised penalties of the Reform Act—in particular, sentencing as a second-strike offender because appellant's "third strikes" were not serious or violent felonies.  The key language to be interpreted is that directing the trial court to "recall the sentence and resentence the defendant" and to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subds. (c), (d)(2).)

9

1. *Summary of Decisions Rejecting Respondent's Position*

Central to the appellate decisions rejecting respondent's position is the proposition that, under the California Constitution, "the Legislature may not amend a statute enacted by initiative unless the initiative allows such an amendment, and then only upon such conditions the voters attach." (*Guevara, supra,* 97 Cal.App.5th at pp. 984–985; see also *Williams, supra,* 102 Cal.App.5th at pp. 1258–1259.)  Here, "[t]he Reform Act allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership," and Senate Bill 483 "did not pass the Senate with a two-thirds vote." (*Guevara,* at p. 985.)

Thus, Senate Bill 483 is unconstitutional to the extent it amends the Reform Act, and we agree with the appellate court decisions concluding that applying the revised penalty provisions of the Reform Act during section 1172.75 resentencing would constitute such an amendment.  "An amendment changes an existing initiative statute by adding or taking away from it some particular provision." (*Guevara, supra,* 97 Cal.App.5th at p. 985; see also *Santos, supra,* 100 Cal.App.5th at p. 676.)  As the cases explain, section 1172.75 "imposes a higher evidentiary standard for a trial court to find a danger to public safety" than section 1170.126 of the Reform Act.  (*Williams, supra,* 102 Cal.App.5th at p. 1260.)  Specifically, while section 1170.126, subdivision (f) provides for denial of resentencing where the trial court "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety," section 1172.75, subdivision (d)(1) mandates imposition of a lesser sentence "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*See Williams,* at p. 1260; *Guevara, supra,* 97 Cal.App.5th at p. 987; see also *Williams,* at pp. 1261–1262.)

10

Furthermore, the Reform Act permits an inmate to petition for resentencing "within two years after the effective date of the act that added this section or at a later date upon a showing of good cause." (§ 1170.126, subd. (b).) Allowing a defendant to benefit from the revised penalty provisions long after the expiration of that two-year period would, absent a showing of good cause,[7] be contrary to the voters' intent to allow defendants to seek resentencing under the Reform Act only "within a reasonable time after its enactment." (*Kimble*, *supra*, 99 Cal.App.5th at p. 755; see also *Williams*, *supra*, 102 Cal.App.5th at p. 1263 [" 'The Voter Information Guide indicates that the voters understood Proposition 36 involved competing cost concerns, but found acceptable the costs associated with a single opportunity for resentencing within a relatively brief limitations period' "].)[8]

---

[7] In Part II.B., *post*, we conclude remand is required for a determination whether there was good cause for appellant to file a late petition under section 1170.126, based on his allegation that prison counselors advised him he was not eligible for relief following the passage of Proposition 36. We observe that the dissent in *Williams* suggests that "recall and resentencing under section 1172.75 may constitute 'good cause' for the petitioner to file a renewed petition for resentencing under section 1170.126 past the two-year filing deadline of subdivision (b)." (*Williams*, *supra*, 102 Cal.App.5th at p. 1268 (conc. & dis. opn. of Greenwood, P.J.).) That approach has some appeal, because it would preserve a trial court's ability to deny resentencing under the dangerousness standard of section 1170.126. However, we agree with the majority in *Williams* that there is little reason to believe the Proposition 36 voters intended that the two-year resentencing period in section 1170.126 would be nullified every time the Legislature authorized resentencing. (See *Williams*, at p. 1264 ["Nothing in the Reform Act or in the voter materials suggests that good cause includes subsequent legislative enactments that provide for recall and resentencing"].)

[8] A third consideration is that the Reform Act requires a prosecutor to "plead and prove" factors that disqualify defendants from eligibility for reduced sentences. (§ 1170.12, subd. (c)(2)(C).) Those pleading requirements did not apply to defendants sentenced before the Reform Act, and resentencing those defendants under current law might require time

11

### 2. *Section 1172.75 May be Harmonized with the Reform Act*

One way our analysis differs from that in the prior appellate decisions is that we not only conclude the Reform Act prevails over Senate Bill 483, but we expressly construe section 1172.75 in harmony with the voters' enactment. (Cf. *Guevara, supra,* 97 Cal.App.5th at p. 985 ["We will not speculate what the Legislature may have intended in enacting section 1172.75, subdivision (d)"]; *Williams, supra,* 102 Cal.App.5th at pp. 1264–1265 [quoting same language in *Guevara*]; *Kimble, supra,* 99 Cal.App.5th at p. 759 [same]; *Santos, supra,* 100 Cal.App.5th at p. 676 ["the parties' interpretation of section 1172.75, subdivision (d) would unconstitutionally amend the Reform Act"].) That is, we conclude that the Legislature did not intend to provide a defendant in appellant's position with an alternate and more expansive form of relief than that set out in the Reform Act.

Section 1172.75 is ambiguous regarding the breadth of resentencing permitted to third strikers serving sentences including now-invalid prior prison term enhancements. On the one hand, the statutory language directing trial courts to "recall the sentence and resentence the defendant" and to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subds. (c), (d)(2)) can be read broadly, as respondent suggests, to mandate application of the current version of the Three Strikes law—which would, for a defendant in appellant's

---

consuming " 'minitrials' on disqualifying factors." (*Kimble, supra,* 99 Cal.App.5th at p. 754; see also *Conley, supra,* 63 Cal.4th at pp. 659–660.) Given that we agree that respondent's construction of section 1172.75 would unconstitutionally amend the Reform Act based on the dangerousness and two-year considerations, we need not address the significance of the disqualifying factors consideration.

circumstances, always result in a sentence of double the otherwise applicable determinate term instead of an indeterminate term (§ 1170.12, subd. (c)(2)(C)).

On the other hand, other aspects of the statutory scheme suggest the Legislature intended that section 1172.75 resentencing would be consistent with the requirements of section 1170.126. First, section 1172.75, subdivision (d)(1) expressly provides that the resentencing court may opt to impose a sentence of *equal* length to the original sentence upon a finding "that imposing a lesser sentence would endanger public safety." In a case like appellant's, it would be *impossible* for the resentencing court to do so if section 1172.75 resentencing required application of the current version of section 1170.12, which does not permit imposition of an indeterminate term, regardless of any finding of danger to the public. Because we presume the Legislature was aware of the Reform Act (*Kalpoe*, *supra*, 222 Cal.App.4th at p. 211), that the Legislature allowed for the possibility of re-imposition of a sentence of the same length supports a conclusion that the Legislature did not intend that the Reform Act changes would apply to defendants originally sentenced before enactment of the Reform Act, who already had an opportunity to petition for resentencing under section 1170.126.

Second, the Legislature has in other statutes used much more specific language to mandate unrestricted resentencing. For example, section 1170, subdivision (d) authorizes resentencing petitions from defendants who were under the age of 18 when they committed offenses for which they were imprisoned for life without the possibility of parole. Section 1170, subdivision (d)(5) provides that, upon making specified findings, the trial court "shall recall the sentence and commitment previously ordered and hold a hearing to resentence the defendant *in the same manner as if the defendant had not*

13

*previously been sentenced . . .*" (italics added). (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [same language in prior version of the statute "indicates that the resentencing authority conferred . . . is as broad as that possessed by the court when the original sentence was pronounced"]; § 1172.6, subd. (d) [including same language]; § 1172.1, subd. (a)(1) [same].) That language more clearly forecloses the possibility that a trial court could elect to retain aspects of a prior sentence that could not be imposed under current law (as is the case for the indeterminate portion of appellant's 2006 sentence), but the Legislature did not include equivalent language in section 1172.75. (See *People v. Murphy* (2001) 25 Cal.4th 136, 159 ["in other sentencing statutes, the Legislature has shown that when it wants a sentence calculated without consideration of some circumstance, it knows how to use language clearly expressing that intent"]; *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 999 ["We note that when the Legislature intends to restrict the recovery of costs to just one side of a lawsuit, it knows how to express such restriction"]; but see *People v. Connor* (2004) 115 Cal.App.4th 669, 685 ["we are not aware of any law or rule that requires the Legislature to use the same statutory language or method to achieve the same result"].)

Accordingly, we believe section 1172.75 is ambiguous and may reasonably be interpreted so as not to contemplate imposition of a sentence contrary to section 1170.126. That is, section 1172.75 may be read to authorize resentencing only to the extent permitted by applicable voter-enacted propositions like the Reform Act.

3.     *Respondent's Contentions and This Court's Conclusions*

Respondent argues section 1172.75 mandates that "a defendant resentenced under its provisions is to be resentenced under current laws." Therefore, because appellant's two convictions for assault likely to produce

14

great bodily injury are not enumerated serious or violent offenses under the current penalty provisions of the Three Strikes law, and no disqualifying circumstance applies, the only appropriate sentence on each count is a determinate term. (§ 1170.12, subd. (c)(2)(C).)

Respondent's argument is premised on the proposition that section 1172.75 resentencing resulted in full vacatur of appellant's sentence such that the only option open to the court was resentencing under current law as to all aspects of appellant's sentence. The argument is plausible, because it is true that "once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*People v. Padilla* (2022) 13 Cal.5th 152, 163; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) The reason for the " 'full resentencing rule' " (*Buycks*, at p. 893) is that " 'an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.' " (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118; accord, *People v. Walker* (2021) 67 Cal.App.5th 198, 206.) Thus, we agree that appellant was entitled to a "full resentencing" under section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; accord, *Rogers*, *supra*, 108 Cal.App.5th at pp. 358–361; see also *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277–1278, review granted Mar. 12, 2024, S283547.)

Nevertheless, we do not believe that requires the resentencing court to proceed as if it were "writing on a blank slate." (*Kimble, supra*, 99

15

Cal.App.5th at p. 757.) We agree with the prior appellate decisions that the Supreme Court's decisions in *In re Estrada* (1965) 63 Cal.2d 740 and *Conley*, *supra*, 63 Cal.4th 646 are relevant on this point. (See *Santos*, *supra*, 100 Cal.App.5th at pp. 673–675; *Kimble*, *supra*, 99 Cal.App.5th at pp. 757–758.) In *Estrada*, the Court addressed whether when "[a] criminal statute is amended after the prohibited act is committed, but before final judgment, by mitigating the punishment," the lesser penalty or the original penalty should apply. (*Estrada*, at p. 742.) *Estrada* concluded that, "in the absence of any textual indication of the Legislature's intent, we infer[] that the Legislature must have intended for the new penalties, rather than the old, to apply," reasoning "that when the Legislature determines that a lesser punishment suffices for a criminal act, there is ordinarily no reason to continue imposing the more severe penalty." (*Conley*, at p. 656 [summarizing *Estrada*].) Nevertheless, *Estrada* recognized the Legislature's power to limit prospective application of ameliorative changes, stating, "Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional." (*Estrada*, at p. 744; accord, *Conley*, at p. 656.) In *Conley*, the Court rejected an argument that the amended penalty provisions of the Reform Act applied to defendants serving indeterminate terms under nonfinal judgments, reasoning that the voters authorized resentencing under section 1170.126, "but they did not intend to confer a right to automatic resentencing under the amended penalty provisions of the Reform Act." (*Conley*, at pp. 661–662.)

Respondent's position is effectively that the voters' intent as described in *Conley* is irrelevant following vacatur of the original sentence during the section 1172.75 resentencing process. But we are aware of no authority prohibiting the Legislature from placing limitations on resentencing as to

16

certain aspects of a sentence, where necessary to comply with voter intent and preserve the constitutionality of a statute. (See *Conley*, *supra*, 63 Cal.4th at p. 656 ["the Legislature (or here, the electorate) may choose to modify, limit, or entirely forbid the retroactive application of ameliorative criminal law amendments if it so chooses"]; *Kimble*, *supra*, 99 Cal.App.5th at p. 757 ["Courts may not indiscriminately apply every ameliorative change in the law at resentencing without analyzing the scope of its intended application under *Estrada*"].) The *Estrada* rule contemplates the possibility that some defendants with nonfinal judgments will be resentenced but not receive the benefit of ameliorative changes where the intent was prospective application only.

Indeed, the Supreme Court emphasized in *Padilla* that "[t]he Legislature may write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all. This includes the prerogative to disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated." (*Padilla*, *supra*, 13 Cal.5th at p. 162.) That is effectively the situation here. Keeping in mind the presumption that the Legislature was aware of the Reform Act's resentencing provision (*Kalpoe*, *supra*, 222 Cal.App.4th at p. 211), and that application of the Reform Act's revised penalty provisions outside the two-year window and without the mandated determination of dangerousness would constitute an unconstitutional amendment of Proposition 36, it makes sense that section 1172.75 allows for the possibility that a sentence of the original length will be re-imposed. Therefore, we believe section 1172.75 and section 1170.126 are best harmonized by construing section 1172.75 not to authorize imposition of a sentence contrary to section 1170.126, which itself specifies the prospective

17

scope of application of the revisions to third-strike defendants sentenced before its enactment. (See *Kimble*, at p. 757; cf. *Rogers*, *supra*, 108 Cal.App.5th at p. 362 ["Because a trial court's power under section 1385[, subd. ](a) to dismiss or strike a strike prior is independent of either the Three Strikes law or the subsequent Reform Act, any exercise of that power at a resentencing proceeding under section 1172.75 does not offend either"].)

We recognize that holding (and the holdings of the other appellate cases on the issue) is in some tension with the proposition that a sentence is "vacated" when recalled for resentencing, which suggests an obligation to resentence under current law. However, we believe that general proposition does not prohibit the Legislature from authorizing resentencing consistent with the requirements of voter enactments such as the Reform Act, which includes "its own prospective resentencing mechanism." (*Kimble*, *supra*, 99 Cal.App.5th at p. 756; see also *Padilla*, *supra*, 13 Cal.5th at p. 162; *Guevara*, *supra*, 97 Cal.App.5th at p. 986.) It is important to recognize that a consequence of adopting respondent's position would be *denial* of the benefit of Senate Bill 483 to defendants such as appellant. If a court's only option during section 1172.75 resentencing is to impose determinate terms in cases like the present one, that would result in defendants like appellant being resentenced outside the two-year time frame provided for under section 1170.126 and without the required determination of dangerousness. Section 1172.75 resentencing would in such cases, then, be unconstitutional, and the defendants would lose the benefit of the Legislature's authorization of the striking of prior prison terms. That absurd result would elevate form (the proposition that resentencing results in "vacatur" of a sentence) over substance (recognizing the authority of the Legislature to provide sentencing relief without running afoul of a prior voter enactment). Instead, we

18

harmonize the enactments and conclude that the effective vacatur of a sentence during section 1172.75 resentencing does not prohibit a court from re-imposing an indeterminate term where the failure to do so would be the unconstitutional amendment of a voter initiative.

Finally, respondent attempts to avoid the absurd result described above by arguing we should adopt the construction of section 1170.126 set out in the dissent in *Guevara*. As relevant to the argument, section 1170.126, subdivision (a) states, "The resentencing provisions under this section and related statutes are *intended to apply exclusively to persons presently serving an indeterminate term of imprisonment* pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (Italics added.) The dissent in *Guevara* concluded that, "[b]ecause the trial court recalled [the defendant's] sentence, [he] was no longer '*presently* serving an indeterminate term of imprisonment' " and was rather, an ' "un-sentenced [d]efendant,' so section 1170.126 no longer applied to him." (*Guevara*, *supra*, 97 Cal.App.5th at p. 991 (dis. opn. of Baltodano, J.).) Respondent argues that, because the restrictions on resentencing in section 1170.126 are inapplicable to appellant, giving appellant the benefit of the Reform Act's revised penalties would not conflict with section 1170.126's resentencing mechanism.

We reject respondent's proffered interpretation of the "presently serving" language in section 1170.126, subdivision (a). We agree with the majority in *Williams* that "the applicability of section 1170.126's resentencing provisions to 'persons presently serving an indeterminate term of imprisonment' (§ 1170.126, subd. (a)) refers to defendants who were *then* serving such a term under the Three Strikes law at the time section 1170.126

19

went into effect in 2012." (*Williams*, *supra*, 102 Cal.App.5th at p. 1263; see also *Guevara*, *supra*, 97 Cal.App.5th at p. 986; *Santos*, *supra*, 100 Cal.App.5th at p. 677.) *Williams*'s construction is the only one that comports with the voters' well-established intent that a person serving a life sentence at the time of the enactment would only be resentenced to a determinate term following the specified public safety determination. (See *Conley*, *supra*, 63 Cal.4th at p. 658 ["Voters were told that the Reform Act would protect public safety by 'prevent[ing] dangerous criminals from being released early' [citation] and would have no effect on 'truly dangerous criminals' "].) It is a step too far to conclude those who voted for Proposition 36 would have intended that the carefully crafted prospective resentencing mechanism contained in section 1170.126 would be nullified any time a defendant was resentenced for any reason.

Accordingly, we reject respondent's position on appeal and agree with the prior appellate decisions holding that defendants are not entitled to the benefits of the Reform Act's revised penalties at a section 1172.75 resentencing. In particular, we interpret the Legislature's requirement to "resentence" the defendant as not requiring the court to resentence on a blank slate. We also construe the Legislature's directive in section 1172.75, subdivision (d)(2) to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" as excluding section 1170.12 as amended by the Reform Act. We do not understand the revised version of section 1170.12 to constitute a change in law applicable to appellant because section 1170.126 specifies the exclusive method for defendants like appellant to obtain relief from indeterminate terms imposed under the previous regime. That is the most appropriate construction of section 1172.75 because it

20

effectuates the Legislature's intent to provide retroactive relief from now-invalid prior prison term enhancements, while avoiding a constitutional clash with the Reform Act. (*Even Zohar*, *supra*, 61 Cal.4th at p. 838; *California Housing Finance*, *supra*, 17 Cal.3d at p. 594.)[9]

B.    *Appellant is Entitled to Remand for a Determination of Good Cause to File a Late Petition Under Section 1170.126*

Although appellant initially filed his petition for relief under section 1172.75, he expressly expanded his request for relief in supplemental briefing to request "that the court now consider his petition for resentencing under . . . section 1170.126." He argued he had good cause for a late filing, explaining that he did not file a petition in 2012 because he received erroneous information from prison officials. The brief, supported by a declaration from appellant, explained, "[appellant] remembers the passage of Proposition 36, and other inmates filing petitions. He asked two different correctional counsellors if he was eligible to file. He was told by both correctional counsellors that he was not eligible." (Cf. *People v. Drew* (2017) 16 Cal.App.5th 253, 260 [no good cause under section 1170.126 where the defendant "did not inquire of anyone at the Department of Corrections and Rehabilitation"].)

The confusion may have resulted from the difference between assault with a deadly weapon and assault by means of force likely to produce great bodily injury. As noted previously, appellant's offenses that resulted in

---

[9] We have reviewed the legislative history to Senate Bill 483 and have found nothing directly relevant to the statutory interpretation issue on appeal. (See *Santos*, *supra*, 100 Cal.App.5th at p. 676 ["there is no indication in the legislative history that the Legislature thought it was enabling resentencing of third strike sentences"].)

imposition of the "third strike" indeterminate terms of 25 years to life were two counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). The 2006 information contained *erroneous* advisements under each of those counts stating, "NOTICE: The above offense is a serious felony within the meaning of [s]ection 1192.7[, subd. ](c)." (See § 1170.12, subd. (b).) But "assault by means of force likely to produce great bodily injury is *not* a serious felony." (*People v. Haykel* (2002) 96 Cal.App.4th 146, 148, italics added; see also *People v. Aguayo* (2022) 13 Cal.5th 974, 986–987 [describing 2011 legislative amendment to section 245 "to split assault with a deadly weapon and force likely assault into separate paragraphs" because only the latter is a " 'serious' felony" for purposes of the Three Strikes law].)

At the resentencing hearing, the trial court denied the request for relief under section 1170.126 with no clear explanation, stating "I think that would be improper for the [c]ourt, impermissible for the [c]ourt and beyond the scope of this [c]ourt's jurisdiction." It is clear the court believed it had no discretion to consider appellant's request, because the court referenced defense counsel's prior comment that the California Supreme Court was considering "how Proposition 36 interacts with [section] 1172.75" and the court stated, "But for the time being, the statute still governs and I'm bound by the statute."

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]"

22

that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 424.)

In the present case, because the trial court was unaware of its discretion to permit a late petition under section 1170.126, and because there is no basis to conclude the trial court would have found no good cause to file such a petition, we remand for that determination of good cause.[10]

## DISPOSITION

The matter is remanded with directions to determine whether appellant has shown good cause to file a late petition under section 1170.126, and, if so, to consider the petition. The trial court's judgment is otherwise affirmed.

---

[10] Appellant also contends the trial court erred in declining to hear his motion under *Romero, supra,* 13 Cal.4th 497 to strike a prior strike offense. We agree the court erred. (See *Rogers, supra,* 108 Cal.App.5th at pp. 364–365.) However, as respondent points out, the trial court expressly stated that, if it had reached the merits of the motion, it would have denied appellant's request. Appellant does not argue such a denial would have been an abuse of discretion, beyond a bare assertion that the court "failed to meaningfully consider" the mitigating circumstances. That argument is meritless, because "[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) And appellant does not otherwise dispute respondent's argument that the error was harmless. (See *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [remand for *Romero* motion unnecessary where "the trial court indicated that it would not, in any event, have exercised its discretion to lessen the sentence"].)

23

SIMONS, J.


We concur.


JACKSON, P. J.
BURNS, J.


**The People v. Terrance Russell Terwilligar (A170304)**

Trial Court:       Superior Court of California, County of Sonoma

Trial Judge:       Hon. Mark A. Urioste

Counsel:           Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

                   Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Catherine A. Rivlin and Shirin Oloumi, Deputy Attorneys General, for Plaintiff and Respondent.